FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 13 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL VALENTIN,                                         :

                                Petitioner,       :         **DECISION & ORDER**
                                                :         14-cv-7441 (WFK)
        -v.-                                 :

CHRISTOPHER MILLER, Superintendent   :
of Great Meadow Correctional Facility         :

                              Respondent.   :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Angel Valentin ("Petitioner"). Petitioner was convicted of one count of Murder in the Second Degree and one count of Manslaughter in the First Degree, for which he received consecutive prison sentences of twenty-five years to life and twenty-five years respectively. Petitioner seeks federal *habeas* relief based on three grounds: (1) Petitioner's statements were admitted in violation of his *Miranda* rights, (2) the trial court erred in refusing to submit Manslaughter in the Second Degree to the jury as a lesser included offense, and (3) Petitioner's sentence is excessive. For the reasons discussed below, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2008, between 9:00 A.M. and 10:00 A.M., Petitioner repeatedly struck Wilfredo Suarez and Iris Cuadrado with a knife at 3034 Avenue X, Apartment 1-F, in Brooklyn, New York. Dkt. 6 ("Affirmation") at ¶ 3. Both Suarez and Cuadrado died as a result of their knife wounds. *Id.*

Based on the foregoing, Petitioner was charged, by Kings County Indictment Number 3299/2008, with one count of Murder in the First Degree under New York Penal Law ("NYPL") § 125.27[viii], two counts each of Murder in the Second Degree under NYPL § 125.25[1], and

1

Criminal Possession of a Weapon in the Fourth Degree pursuant to NYPL § 265.01[2]. *Id.* at ¶ 4.

The jury found defendant guilty of Murder in the Second Degree and Manslaughter in the First Degree. *Id.* at ¶ 14. On June 15, 2011, Petitioner was sentenced to consecutive prison terms of twenty-five years to life on the murder count and twenty-five years on the manslaughter count. *Id.* at ¶ 15.

Petitioner, represented by counsel, filed an appeal to the Appellate Division, Second Department (the "Appellate Division") raising the following issues: (1) the hearing court erred in failing to suppress Petitioner's first statement to law enforcement agents because the statements were made in response to custodial questioning before Petitioner received his *Miranda* warnings, (2) Petitioner was denied his right to a fair trial when the trial court refused to submit to the jury Manslaughter in the Second Degree, a lesser included offense of the Murder in the Second Degree charge, and (3) Petitioner's sentence was excessive in violation of the Fourteenth Amendment. *Id.* at ¶16; *see also* Dkt. 1-2 ("Appellate Division Brief") at 27-46.

In an opinion dated June 11, 2014, the Appellate Division unanimously affirmed Petitioner's judgment of conviction. *People v. Valentin*, 987 N.Y.S.2d 227 (2d Dep't 2014). The Appellate Division held the hearing court properly refused to suppress Petitioner's first statement to law enforcement officials because "the police officer's single question did not amount to interrogation, but was merely an attempt to clarify the situation confronting the police[.]" *Id.* at 228 (citations omitted). The Appellate Division therefore concluded "[Petitioner's] response to that single question was not the product of an unwarned custodial interrogation, and it did not taint [his] subsequent statements." *Id.* The Appellate Division further held that the trial court properly refused to submit Manslaughter in the Second Degree to

the jury because "[a]lthough [Petitioner's] own testimony, viewed in isolation, might have supported submission of the requested lesser offense, that testimony was conclusively refuted by the evidence regarding the number, depth, and severity of Cuadrado's wounds. Thus, even viewing the evidence in the light most favorable to [Petitioner], as we must, there simply was no reasonable view of it that [Petitioner] recklessly, and not intentionally, caused Cuadrado's death." *Id.* (citations omitted). Lastly, the Appellate Division stated the sentence imposed was not excessive. *Id.*

Petitioner sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. Affirmation at ¶ 19. Leave was denied on September 29, 2014. *Id.*; *see also People v. Valentin*, 20 N.E.3d 1004 (2014).

On December 16, 2014, Petitioner filed his *pro se* petition for a writ of *habeas corpus*. Dkt. 1, Petition for Writ of *Habeas Corpus* ("Petition"). Petitioner seeks federal habeas relief on the same grounds raised in his brief to the Appellate Division, namely: (1) the hearing court should have suppressed Petitioner's first statement to law enforcement officials because it was made in response to custodial questioning before Petitioner received his *Miranda* warnings; (2) Petitioner was denied his right to a fair trial when the trial court refused to submit to the jury the lesser included charge of Manslaughter in the Second Degree; and (3) Petitioner's sentence was excessive in violation of the Fourteenth Amendment. *Id.* at 6-9. The Court will address each issue in turn.

## DISCUSSION

### I. Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider

whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

Moreover, a petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "For the purposes of federal habeas review, 'clearly established law' is defined as 'the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state court decision.'" *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to,' or an 'unreasonable application of,' clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different [from] that reached by the Supreme Court on 'materially indistinguishable' facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case." *Id.* (quoting *Williams*, 529 U.S. at 412-13 and citing *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011)). To establish that a state court's decision constitutes an unreasonable application of the law, the state court decision must be "more than incorrect or erroneous[,]" it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). For the reasons discussed below, the Court denies the petition for the writ of *habeas corpus* in its entirety.

4

## II. Analysis

### 1. The Hearing Court did not Err in Failing to Suppress Petitioner's Statements

Petitioner argues for *habeas* relief on the basis that his Fifth, Sixth, and Fourteenth Amendment Rights were violated when the hearing court failed to suppress his first statement to law enforcement agents because the statements were made in response to custodial questioning before Petitioner received his *Miranda* warnings. Petition at 6. According to Petitioner, when officers came to the scene of the crime, they immediately arrested Petitioner and asked him "what happened" without providing him his *Miranda* warnings. Affirmation at ¶ 8. Petitioner responded by stating he stabbed both victims. *Id.* In finding that the hearing court did not err in failing to suppress the statement, the Appellate Division held "the police officer's single question did not amount to interrogation, but was merely an attempt to clarify the situation confronting the police[.]" *Valentin*, 987 N.Y.S.2d at 227 (citations omitted). Accordingly, "[Petitioner's] response to that single question was not the product of an unwarned custodial interrogation, and it did not taint[his] subsequent statements." *Id.*

Even assuming the Appellate Division should have found that the hearing court erred in failing to suppress the statement, any error would have been harmless. For the purposes of federal *habeas* review, a constitutional error is harmless unless it had a "substantial and injurious effect" on the verdict. *Fry v. Piller*, 551 U.S. 112, 121-122 (2007) (internal citation and quotation marks omitted). Here, even after receiving his *Miranda* warnings, Petitioner told the law enforcement officials that he appeared at the scene of the crime, ran to the kitchen to obtain a knife, and started "swinging" it at the victims. Dkt. 6-4 ("Hearing Transcript") at 41-46. Petitioner also memorialized his post-Miranda statements in a videotaped confession hours after the crime. *Id.* at 47-48. Because Petitioner's pre-*Miranda* statements were substantially similar

to his post-*Miranda* statements, which were not the subject of the suppression hearing, the pre-*Miranda* statements would not have had a "substantial and injurious effect" on the verdict because the jury would have heard substantially similar statements made by the Petitioner. Accordingly, Petitioner's claim for *habeas* relief on this ground must be DENIED.

## 2. The Trial Court did not Err in Failing to Submit the Lesser Included Offense

Petitioner also argues he is entitled to *habeas* relief because he was deprived the right to a fair trial when the trial court refused to submit Manslaughter in the Second Degree to the jury. Petition at 7. Petitioner's argument, however, is without merit.

Petitioner raised this exact issue in his brief to the Appellate Division, which adjudicated the claim on the merits by holding "[a]lthough [Petitioner's] own testimony, viewed in isolation, might have supported submission of the requested lesser offense, that testimony was conclusively refuted by the evidence regarding the number, depth, and severity of Cuadrado's wounds. Thus, even viewing the evidence in the light most favorable to [Petitioner], as we must, there simply was no reasonable view of it that [Petitioner] recklessly, and not intentionally, caused Cuadrado's death." *Valentin*, 987 N.Y.S.2d at 227 (citations omitted).
Because the United States Supreme Court and the Second Circuit have expressly refrained from deciding whether the Constitution requires lesser-included offense instructions in non-capital cases, the Appellate Division's determination was neither contrary to, nor involved an unreasonable application of, clearly established Federal law. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980); *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996). Accordingly, Petitioner's claim for *habeas* relief on this ground must be DENIED.

### 3. Petitioner's Challenge to His Sentence as Excessive is Without Merit

Petitioner further argues he is entitled to *habeas* relief claiming his sentence was unduly harsh and excessive "particularly when the jury acquitted Petitioner of second degree murder and he was fatal[ly] wounded himself." Petition at 9. However, "[i]t is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Williams v. LaValley*, 12-CV-1141, 2014 WL 1572890, at *5 (N.D.N.Y. Apr. 17, 2014) (Singleton, Jr., J.) (internal citations omitted).

Here, Petitioner was convicted of Murder in the Second Degree and Manslaughter in the First Degree. Defendant's prison sentence of twenty-five years to life on the murder charge and twenty-five years on the manslaughter charge are within the ranges prescribed by New York State law. See N.Y. Penal Law §§ 70.00(2)(a), 70.00(3)(a)(i), 70.02(1)(a), 70.02(2)(a); 125.25; 125.20. Accordingly, Petitioner's challenge to his sentence does not present a cognizable federal question and must be dismissed. *See Congelosi v. Miller*, 611 F. Supp. 2d 274, 316 (W.D.N.Y. 2009) (Siragusa, J.) (adopting Report and Recommendation of Magistrate Judge Victor E. Bianchini); *Betancourt v. Bennett*, 02-CV-3204, 2003 WL 23198756, at *14 (E.D.N.Y. Nov. 7, 2003) (Weinstein, J.).

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED

/S/ Judge William F. Kuntz, II

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2015
Brooklyn, New York